**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEWIS D. BAKER, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : **JURY TRIAL DEMANDED** |
| US ECOLOGY, INC., RICHARD BURKE, E. RENAE CONLEY, KATINA DORTON, GLENN A. EISENBERG, JEFFREY R. FEELER, DANIEL FOX, MACK L. HOGANS, RONALD C. KEATING, JOHN T. SAHLBERG, and MELANIE STEINER, | : **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On February 8, 2022 US Ecology, Inc. ("US Ecology" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Republic Services, Inc. ("Republic") and Bronco Acquisition Corp. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, US Ecology's stockholders will receive $48.00 in cash per share.

3. On March 11, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of US Ecology common stock.

9. Defendant US Ecology is a Delaware corporation. US Ecology's common stock is traded on the NASDAQ under the ticker symbol "ECOL."

10. Defendant Jeffrey R. Feeler is Chairman of the Board of Directors of US Ecology (the "Board").

11. Defendant Richard Burke is a member of the Board.

12. Defendant E. Renae Conley is a member of the Board.

13. Defendant Katina Dorton is a member of the Board.

14. Defendant Glenn A. Eisenberg is a member of the Board.

15. Defendant Daniel Fox is a member of the Board.

16. Defendant Mack L. Hogans is a member of the Board.

17. Defendant Ronald C. Keating is a member of the Board.

18. Defendant John T. Sahlberg is a member of the Board.

19. Defendant Melanie Steiner is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

21. US Ecology is a leading provider of environmental services to commercial and government entities.

22. The Company addresses the complex waste management and response needs of its customers offering treatment, disposal, beneficial re-use, and recycling of hazardous, nonhazardous, radioactive and other specialty waste.

23. On February 8, 2022, US Ecology entered into the Merger Agreement.

24. The press release announcing the Proposed Merger provides as follows:

Republic Services, Inc. (NYSE: RSG) and US Ecology, Inc. (NASDAQ-GS: ECOL) have entered into a definitive agreement under which Republic Services will acquire all outstanding shares of US Ecology for $48 per share in cash, representing a total value of approximately $2.2 billion including net debt of approximately $0.7 billion.

US Ecology is a leading provider of environmental solutions offering treatment, recycling and disposal of hazardous, non-hazardous and specialty waste. US Ecology's trailing twelve-month revenue as of September 30, 2021, was $968 million and adjusted EBITDA was $156 million.(1) "Today's announcement enables Republic Services to provide customers with one of the most complete set of product offerings across the environmental services space and creates significant

value for our stakeholders," said Jon Vander Ark, president and chief executive officer at Republic Services. "This strategic acquisition expands our geographic footprint across the U.S. and Canada and provides vertical integration capabilities for our environmental solutions business."

"We are pleased to have reached this agreement with Republic Services, an established leader in the industry, recognized for its commitment to safety, sustainability and superior customer service," said Jeff Feeler, chairman, chief executive officer and president at US Ecology. "2022 marks US Ecology's 70th year of operations, built around providing environmental solutions that protect human health and the environment. The combination of our companies provides a platform to accelerate our common strategy of providing a full complement of environmental solutions to better our world. In addition, this transaction showcases the value of US Ecology's business, providing our stockholders with attractive and certain value, and brings together a network of assets with extensive environmental solutions expertise to handle customers' most challenging and complex needs. I would like to thank US Ecology's employees for their hard work and dedication to this mission. We look forward to working with the Republic Services team to complete the transaction and deliver premium products and services."

*Strategic and Financial Benefits* – Vertically integrates and expands Republic's environmental solutions footprint. The acquisition of US Ecology will add a national platform of difficult-to-replicate assets and talent to enable Republic to provide customers environmental solutions from collection through disposal. This includes adding nine specialty waste landfills with five hazardous waste landfills, 16 RCRA permitted TSDFs, seven wastewater treatment facilities, and over 80 environmental services field locations including treatment and recycling centers.

*Positions* – Republic as a single-source partner for customers. Customers with multiple recycling and waste service needs value the ability to consolidate services with a single partner who has a successful track record of safety, compliance, and environmental responsibility. The acquisition will allow Republic to provide customers a comprehensive set of environmental services including recycling, solid waste, special waste, hazardous waste, container rental and field services. Expects meaningful synergy opportunities and to be financially accretive. The acquisition will allow Republic to leverage its core capabilities, standardized operating model and investment in digital to enhance profitability across the new portfolio of assets. Republic expects the transaction to be immediately accretive to adjusted earnings and free cash flow. Republic anticipates approximately $40 million in cost synergies within three years following the acquisition, expected to result in double-digit returns. The combined company adjusted free cash flow conversion is expected to be at least 47 percent by 2024.

*Accelerates growth opportunities* – Expanding Republic's environmental solutions footprint and capabilities will create the opportunity for outsized revenue growth.

4

The combined business is expected to drive cross-selling opportunities between existing customers of Republic and US Ecology. The acquisition of US Ecology will also provide Republic a platform to pursue additional tuck-in acquisitions in the highly fragmented environmental solutions business.

*Financing* – The transaction is not subject to a financing condition. Republic Services intends to finance the transaction using existing and new sources of debt. Following completion of the transaction, Republic Services expects to maintain a strong balance sheet and solid investment-grade credit rating. The Company plans net debt-to EBITDA, as defined in our credit agreement, to return back below 3x within 18 months of closing the transaction.

*Timing and Approvals* – The transaction was unanimously approved by the boards of directors of both companies and is expected to close by the end of the second quarter, subject to the satisfaction of customary closing conditions, including receipt of regulatory approvals and approval by holders of a majority of the outstanding shares of US Ecology's common stock. Advisors – Moelis & Company LLC is serving as exclusive financial advisor to Republic Services and Davis Polk & Wardwell LLP is serving as Republic Services' legal counsel. Barclays PLC and Houlihan Lokey Capital, Inc. are serving as co-financial advisors to US Ecology. Dechert LLP is serving as US Ecology's legal counsel.

25. On March 11, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

26. The Proxy fails to disclose material information regarding US Ecology's financial projections, specifically: the line items underlying the financial projections.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

### Financial Analyses

28. The Proxy fails to disclose material information regarding the financial analyses conducted by Barclays PLC ("Barclays") and Houlihan Lokey Capital, Inc. ("Houlihan Lokey"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the

valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29. Regarding Barclays' Selected Comparable Company Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by Barclays.

30. Regarding Barclays' Selected Precedent Transaction Analysis, the Proxy fails to disclose the individual multiples for the transactions utilized by Barclays.

31. Regarding Barclays' Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Barclays; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Barclays; (iii) the net debt utilized by Barclays; and (iv) the fully diluted shares utilized by Barclays.

32. Regarding Barclays' Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rate and multiples utilized by Barclays; (ii) the net debt utilized by Barclays; and (iii) the fully diluted shares utilized by Barclays.

33. Regarding Barclays' Analyst Price Targets Analysis, the Proxy fails to disclose: (i) the price targets utilized by Barclays; and (ii) the sources of the price targets.

34. Regarding Houlihan Lokey's Discounted Cash Flow Analyses, the Proxy fails to disclose: (i) the terminal values utilized by Houlihan Lokey; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Houlihan Lokey; (iii) the net debt utilized by Houlihan Lokey; and (iv) the fully diluted shares utilized by Houlihan Lokey.

35. Regarding Houlihan Lokey's Selected Companies Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by Houlihan Lokey.

36. Regarding Houlihan Lokey's Selected Transactions Analysis, the Proxy fails to disclose the individual multiples for the transactions utilized by Houlihan Lokey.

## COUNT I

### Claim Against the Individual Defendants and US Ecology for Violation of Section 14(a) of the Exchange Act and Rule 14a-9

37. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

39. US Ecology is liable as the issuer of these statements.

40. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

41. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

43. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

44. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

45. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

46. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of US Ecology within the meaning of Section 20(a) of the Exchange Act as alleged herein.

49. Due to their positions as officers and/or directors of US Ecology and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

53. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

56. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: March 18, 2022  **GRABAR LAW OFFICE**

By: *[signature]*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*